IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| REVERSE MORTGAGE SOLUTIONS, INC.<br>Plaintiff<br>vs<br>ESTATE OF ENRIQUE VELEZ-YUMET a/k/a ENRIQUE DEL CARMEN VELEZ-YUMET a/k/a ENRIQUE VELEZ, constituted by JOSE VELEZ-RODRIGUEZ, ENRIQUE N. VELEZ-RODRIGUEZ, ISABEL RIVERA-FUERTES and JOHN DOE as to any unknown heir thereof; ISABEL RIVERA-FUERTES a/k/a ISABEL RIVERA a/k/a ISABEL RIVERA-FUENTES; CENTRO DE RECAUDACION DE INGRESOS MUNICIPALES; DEPARTAMENTO DE HACIENDA DE PUERTO RICO; UNITED STATES OF AMERICA<br>Defendants | CIVIL 16-2530CCC |

**OPINION AND ORDER**

Plaintiff Reverse Mortgage, Solutions Inc. filed the instant foreclosure action against defendants the Estate of Enrique Vélez-Yumet, composed by Isabel Rivera-Fuertes, José Vélez-Rodríguez and Enrique N. Vélez-Rodríguez, Isabel Rivera-Fuertes, Centro de Recaudación de Ingresos Municipales, Departamento de Hacienda de Puerto Rico, and the United States of America on August 24, 2016. Defendant Enrique N. Vélez-Rodríguez ("Vélez-Rodríguez" or "defendant") was served with process on September 23, 2016 and filed an answer to the complaint on November 9, 2016. Before the Court is plaintiff's Motion to Strike Affirmative Defenses (**d.e. 20**) filed on

December 7, 2016 maintaining that defendant's affirmative defenses numbers 1-2, 4, and 6-15 in the answer to the complaint should be stricken. On December 21, 2016, defendant filed his opposition (d.e. 21).

Pursuant to Rule 12(f), a court may strike all or part of a pleading for insufficiency, redundancy, immateriality, impertinence, or scandalousness. Fed. R. Civ. P. 12(f); *Gilbert v. Eli Lilly Co.*, 56 F.R.D. 116, 120 (D.P.R. 1972). Such motions are "narrow in scope" and "disfavored in practice." *Boreri v. Fiat S.P.A.,* 763 F.2d 17, 23 (1st Cir. 1985). The decision of whether to strike all or part of a pleading or attachment thereto rests within the sound discretion of the court. *See Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004); 2-12 Moore's Federal Practice–Civil § 12.37 (2006). A "motion to strike is considered an exceptional remedy and is generally disfavored," *Larouche v. Dep't of the Treasury*, No. CIV.A.91-1655(RCL), 2000 WL 805214, at *13 (D.D.C. Mar. 31, 2000) (citing Moore's at § 12.37 [1]), and the proponent of such a motion must carry a "formidable burden." *Judicial Watch*, 224 F.R.D. at 264.

To prevail on a motion to strike an affirmative defense, the moving party must establish that there is no question of law or fact which might allow the defense to succeed, and that the plaintiff would be prejudiced by inclusion of the defense. *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed. 2d 731 (1986). The burden to establish each of these elements rests on the party moving to strike the affirmative defenses. "[E]ven when the defense presents a purely legal question, the courts are very

CIVIL 16-2530CCC                          3

reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." 5 C. Wright & A. Miller, Federal Practice & Procedure, § 1381 at 800-01 (footnotes omitted). To do otherwise would be to run the risk of offering an advisory opinion on an abstract and hypothetical set of facts. *See Lunsford v. United States*, 570 F.2d 221, 229-30 (8th Cir. 1977); *Green Mountain Power Corp. v. General Electric Corp.*, 496 F.Supp. 169, 171 (D.Vt. 1980); *S.E.C. v. Gulf & Western Industries*, 502 F.Supp. 343, 347 (D.D.C. 1980).

Having considered plaintiffs motion and defendant's opposition, we find that plaintiff has failed to meet its high burden to establish that there is no question of law or fact which might allow any of the enumerated defenses to succeed, including that it would be prejudiced by inclusion of the affirmative defenses listed therein. Accordingly, the plaintiff's Motion to Strike Affirmative Defenses (**d.e. 20**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on July 31, 2017.

                 S/CARMEN CONSUELO CEREZO
                 United States District Judge