IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| REVERSE MORTGAGE SOLUTIONS, INC. <br> Plaintiff <br> vs <br> ESTATE OF ENRIQUE VELEZ YUMET a/k/a ENRIQUE DEL CARMEN VELEZ YUMET a/k/a ENRIQUE VELEZ, constituted by JOSE VELEZ RODRIGUEZ, ENRIQUE N. VELEZ RODRIGUEZ, ISABEL RIVERA FUERTES and JOHN DOE as to any unknown heir thereof; ISABEL RIVERA FUERTES a/k/a ISABEL RIVERA a/k/a ISABEL RIVERA FUERTES; CENTRO DE RECAUDACION DE INGRESOS MUNICIPALES; DEPARTAMENTO DE HACIENDA DE PUERTO RICO; UNITED STATES OF AMERICA <br> Defendants | CIVIL 16-2530CCC |

**OPINION AND ORDER**

Plaintiff Reverse Mortgage Solutions, Inc. (hereafter "RMS"), commenced this diversity action against The Estate of Enrique Vélez Yumet (hereafter the "Vélez Estate"), constituted by José Vélez Rodríguez, Enrique Vélez Rodríguez, Isabel Rivera Fuertes and John Doe as to any unknown heir thereof, the Centro de Recaudación de Ingresos Municipales, the Departamento de Hacienda de Puerto Rico, and the United States of America on August 24, 2016 for allegedly defaulting on certain terms of a mortgage loan and to foreclose on the property located at 157 Primavera Street, Apartment 4, San Juan, PR 00907, in satisfaction of said loan. Specifically, RMS first

asserted that the Vélez Estate failed to maintain hazard insurance as required under the mortgage and, after conceding the Vélez Estate in fact had insurance throughout the loan, claiming it is still in default because of an outstanding balance of $376.55.

Before the Court are Enrique Vélez Rodríguez's Motion for Summary Judgment[1] (**d.e. 30**) filed on March 1, 2017, his Motion Submitting Statement of Uncontested Facts (**d.e. 31**) filed on the same date, which is NOTED, and RMS's opposition (d.e. 33) filed on March 22, 2017.  Also before the Court are José Vélez Rodríguez's Motion to Dismiss and/or for Summary Judgment[2] (**d.e. 56**) filed on July 26, 2017 and RMS's opposition (d.e. 73) filed on November 13, 2017.  For the reasons set forth below, Enrique Vélez Rodríguez and José Vélez's Rodríguez's respective Motions for Summary Judgment are GRANTED.

I.	**UNCONTESTED MATERIAL FACTS**

The following facts are uncontested:

1.	On July 27, 2010, Enrique Vélez Yumet ("Vélez Yumet") and his wife Isabel Rivera Fuentes ("Rivera Fuentes") executed a mortgage loan (the "Mortgage") whereby R.F. Mortgage and Investment Corporation ("R.F. Mortgage") granted them a loan in the principal amount of THREE

---

[1] Although incorrectly titled by Enrique Vélez Rodríguez as "Motion to Dismiss and/or for Summary Judgment," the submission of a Statement of Unopposed Facts shows defendant intended it to be a Motion for Summary Judgment and the Court treats it as such.

[2] Although incorrectly titled by José Vélez Rodríguez as "Motion to Dismiss and/or for Summary Judgment," the submission of a Statement of Unopposed Facts shows defendant intended it to be a Motion for Summary Judgment and the Court treats it as such.

HUNDRED NINETY THOUSAND DOLLARS ($390,000.00), with annual interest of 5.560%, and a maturity date of September 13, 2095 (d.e. 33-4).

2.   The amount disbursed under the Mortgage is evidenced and secured by a mortgage note (the "Note") executed by Vélez Yumet and Rivera Fuentes on the same date in the amount of THREE HUNDRED NINETY THOUSAND DOLLARS ($390,000.00), authenticated under affidavit number 24,234 of Notary Public Manuel Rivera Meléndez (d.e. 33-3).

3.   Also on July 27, 2010, Vélez Yumet and Rivera Fuentes executed a Home Equity Conversion Loan Agreement ("Loan Agreement") with R.F. Mortgage and the Secretary of Housing and Urban Development whereby R.F. Mortgage agreed to make loan advances to them in consideration of the Note and Mortgage.  (d.e. 33-5).

4.   Under the terms of the Mortgage, R.F. Mortgage is entitled to make the debt immediately due and payable should certain events of defaults transpire.  *See* d.e. 33-4, Section 9(b).  Among the conditions enabling R.F. Mortgage to accelerate the debt is a failure to perform an obligation under the Mortgage.  *See Id*. at Section 9(b)(iii).

5.   As borrowers, Vélez Yumet and Rivera Fuentes were obligated to pay property charges, which includes hazard insurance premiums. *See Id.* at Section 2.

6.   RMS is the servicer of the Mortgage on behalf of R.F. Mortgage. (d.e. 33-8).

CIVIL 16-2530CCC              4

7.   On September 2, 2012, Vélez Yumet dies, leaving Isabel Rivera Fuertes, José Vélez Rodríguez, and Enrique Vélez Rodríguez among his heirs. (d.e. 15, ¶ 11).

8.   On October 24, 2012, José Vélez Rodríguez informs RMS of his father's passing and requests information on subsequent steps related to the Loan Agreement. (d.e. 15-1).

9.   On December 8, 2014, José Vélez Rodríguez purchases insurance policy #CPP-000664133-4/000 from Cooperativa de Seguros Múltiples de Puerto Rico covering the period of November 26, 2014 through November 26, 2015, which included coverage for the building located at 157 Primavera Street, San Juan, PR. (d.e. 37-1).

10.  On December 4, 2015, José Vélez Rodríguez purchases insurance policy #55-CP-000054801-0 from QBE Seguros covering the period of December 3, 2015 through December 3, 2016, which included coverage for the building located at 157 Primavera Street, San Juan, PR. (d.e. 37-2).

11.  On November 1, 2016, José Vélez Rodríguez renewed insurance policy #55-CP-000054801-0 with QBE Seguros covering the period of December 3, 2016 to December 3, 2017, which included coverage for the building located at 157 Primavera Street, San Juan, PR. (d.e. 37-3).

12.  On February 24, 2016, RMS sends Vélez Yumet and Rivera Fuertes a demand letter notifying them the mortgage is in default believing they failed to pay hazard insurance. (d.e. 33-8, p. 1).

13.  RMS purchases insurance for the property for 157 Primavera Street, Apt. 4, San Juan, PR in the amount of $1,698.49, $1,874.80, and

$1,826.48 on or about August 20, 2014, June 24, 2015 and June 24, 2016, respectively. (d.e. 33-7).

14.	On September 9, 2016, RMS sends Vélez Yumet and Rivera Fuentes a letter confirming that they have hazard insurance on the property, canceling the coverage it had purchased on its behalf on effective June 20, 2016. (d.e. 73-1).

15.	On May 5, 2017, RMS sends Vélez Yumet and Rivera Fuentes a letter confirming that they have hazard insurance on the property, canceling the coverage it had purchased on its behalf on effective December 3, 2016. (d.e. 73-2).

16.	On May 19, 2017, RMS sends Vélez Yumet and Rivera Fuentes a letter confirming that they have hazard insurance on the property, canceling the coverage it had purchased on its behalf on effective June 20, 2015. (d.e. 73-3).

17.	Also on May 19, 2017, RMS sends Vélez Yumet and Rivera Fuentes a separate letter confirming that they have hazard insurance on the property, canceling the coverage it had purchased on its behalf on effective November 26, 2014. (d.e. 73-4).

**II.	LEGAL STANDARD: MOTION FOR SUMMARY JUDGMENT**

The role of summary judgment in civil litigation is commonplace, "to pierce the boilerplate of the pleadings and assay the parties' proof to determine whether trial is actually required." *McCarthy v. Northwest Airlines*, 56 F.3d 313, 314 (1st Cir. 1985) (citing *Wynne v. Tufts University School of Medicine*, 976 F.2d 791, 794 (1st 1992)). Thus, this "device allows courts and

litigants to avoid full blown trials in unwinnable cases, thus conserving parties' time and money, and permitting the court to husband scarce judicial resources." *Id.* at 315.

Federal Rule of Civil Procedure 56(a) provides that: "[a] party seeking to recover upon a claim . . . may, at any time, after the expiration of 20 days from the commencement of the action . . . move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." The Court may grant the movant's motion for summary judgment when "the pleadings, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986); *NASCO, Inc. v. Pub. Storage, Inc.*, 29 F.3d 28 (1st Cir. 1994). "[T]he principal judicial inquiry required by Rule 56 is whether a genuine dispute as to material fact exists." Wright, Miller & Kane, Federal Practice and Procedure § 2725 (4th ed.) (2017).

The procedure authorized by Rule 56 "is a method for promptly disposing of actions in which there is no genuine dispute as to any material fact or in which only a question of law is involved." *Id.* at § 2712. In order to grant summary judgment, the trial court must determine if there are any "material" factual issues which are identified depending on the substantive law that should be resolved and also, whether such issues are also "genuine." *Anderson*, 477 U.S. at p. 247-248.

A "material issue" is one that affects the outcome of the litigation; therefore, if a factual issue is not relevant to the resolution of the controlling legal issues, summary judgment should be granted.  *Pignons S.A. de Mecanigne v. Polaroid Corp.*, 657 F.2d 484 (1st Cir. 1981); *Finn v. Consolidated Rail Corp.*, 782 F.2d 13 (1st Cir. 1986); *Molinos de Puerto Rico v. Sheridan Towing Co.*, 62 F.R.D. 172 (D.P.R. 1973).  As stated by the Supreme Court, ". . . the materiality determination on a motion for summary judgment rests on the substantive law, and it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  *Anderson*, 477 U.S. at 248.  When, as here, the moving party asserts that the competent evidence clearly demonstrates that it is entitled to judgment, the non-moving party bears the burden of showing the existence of some factual disagreement sufficient to defeat the motion.

However, the burden is satisfied only if the cited disagreement relates to a genuine issue of material fact.  *Id.* at 247-248.  "In this context, 'genuine issue' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party [and] 'material' means that the fact is one that might affect the outcome of the suit under the governing law."  *See United States v. One Parcel of Real Property, Etc.*, 960 F.2d 200, 204 (1st Cir. 1992). Therefore, a factual issue is material if it is relevant to the resolution of a controlling legal issue raised by the motion for summary judgment.  *U.S. Fire Ins. Co. v. Producciones Padosa, Inc.*, 835 F.2d 950, 953 (1st Cir. 1987).

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. *See Hadfield v. McDonough*, 407 F.3d 11, 15 (1st Cir. 2005) (citing *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. *Cadle Co. v. Hayes*, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgement has established an absence of material facts in dispute, and that he or she is entitled to judgement as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion." *Méndez-Laboy v. Abbott Lab.*, 424 F.3d 35, 37 (1st Cir. 2005) (quoting *Maldonado-Denis v. Castillo-Rodríguez*, 23 F.3d 576, 581 (1st Cir. 1994)). "The nonmovant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue . . . . Failure to do so allows the summary judgment engine to operate at full throttle." *Id.*; *see also Kelly v. United States*, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence).

### III.   ANALYSIS

####    A.   Enrique Vélez Rodríguez's Motion for Summary Judgment

Having considered the entirety of the record as required under Rule 56(c), the Court finds there is no genuine dispute as to whether the Vélez Estate maintained hazard insurance for their property. In his reply to RMS's

opposition to his motion for summary judgment, Enrique Vélez Rodríguez's provided proof of the insurance policies that covered the building from 2014 through 2017. *See* d.e. 37-1, pp. 2, 3.  RMS even concedes that hazard insurance was in place throughout this period in its opposition to José Vélez Rodríguez's motion for summary judgment. *See* d.e. 73, pp. 3, 12; *see also* d.e. 73-1, pp. 2, 3, 4.  Enrique Vélez Rodríguez has proven there is no material issue of fact as to the coverage of the property and RMS failed to rebut his motion.

**B.    José Vélez Rodríguez's Motion for Summary Judgment**

In his motion for summary judgment, José Vélez Rodríguez again provides proof of the hazard insurance covering the property from 2014 through 2017.  *See* d.e. 56-1, pp. 2, 3.  This evidence alone entitles him to summary judgment given that RMS's complaint alleged Vélez Estate's defaulted on the loan by failing to maintain insurance.  But after acknowledging the Vélez Estate did not default for failing to keep insurance coverage, RMS points to the an alleged remaining balance of $376.55 to argue the Vélez Estate's default has not been cured.  *See* d.e. 73, p. 4.  RMS fails, however, to provide any evidence to support this claim.  RMS provided no business records or even a sworn declaration or affidavit accounting for this supposed outstanding balance. By relying on this conclusory allegation, RMS has failed to rebut this motion as well.  The Court finds there is no genuine issue of material fact as to whether the Vélez Estate defaulted on the mortgage.

CIVIL 16-2530CCC					10

## IV. CONCLUSION

Because there is no real controversy regarding the material facts of the case, and having reviewed the dispositive motion filed by Enrique and José Vélez Rodríguez and the accompanying documents, their respective Motions for Summary Judgment (**d.e. 30 and d.e. 56**) are GRANTED.[3] Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on March 6, 2018.

S/CARMEN CONSUELO CEREZO<br>
United States District Judge

---

[3]RMS's Motion Requesting Oral Argument (**d.e. 38**) filed on April 11, 2017 is MOOT.